## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STEPHEN P. JONES,

  Plaintiff,

v.

CASE NO.:

**JURY TRIAL DEMANDED**

EQUIFAX INFORMATION SERVICES LLC

  Defendant.
_____/

## COMPLAINT

Plaintiff, STEPHEN P. JONES (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Equifax and TransUnion are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like MRS BPO, LLC ("MRS") or Charter/spectrum, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here MRS. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau ("CFPB") has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION, VENUE AND PARTIES**

6. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Hillsborough County, in the State of Florida and within this District. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida, this suit arises out of Defendant's specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

9. Venue is appropriate in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Hillsborough County, Florida.

10. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Equifax is a corporation incorporated under the State of Georgia, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301-2525.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person who was alleged to owe a debt to MRS.

13. In or about the Summer of 2021, Plaintiff checked his credit report with Equifax and found the reporting of an account with MRS BPO LLC. for an original Creditor of Charter/Spectrum ("Spectrum").

14. Plaintiff usually has a score above 800 but this single derogatory collection's account reduced it to below 740.

15. The inaccurate MRS account (########7079) reflected a first date of delinquency on April 1, 2020. It reflected an outstanding balance of $792.00.

16. Plaintiff disputed with Equifax the inaccurate MRS account on July 12, 2021, August 15, 2021, August 19, 2021, September 17, 2021, September 18, 2021 and October 3, 2021. Each and every time, Equifax responded with: WE VERIFIED THAT THIS ITEM BELONGS TO YOU", when in fact, it did not belong to the Plaintiff.

17. On or about October 12, 2021, Plaintiff again called into Equifax to dispute the collections account. At that time, the agent for Equifax provided for the first time, the full MRS account number of LU1XX14687079.

18. After disputing with Equifax, Plaintiff called Spectrum and provided the number. Spectrum's agent identified the account belonging to an individual with the same first and last name as Plaintiff (Stephen Jones), but with a different middle name, date of birth, social security and address.

19. On or about October 25, 2021, Plaintiff was forced to send another dispute letter to Equifax where he again provided all the necessary information to correct the mistake.

20. On November 12, 2021, Plaintiff received a letter from Spectrum Fraud Team indicating that they realized their errors and that they had

notified Equifax.

21. Since Equifax continued to report the MRS account, Plaintiff sent another dispute letter to Equifax on November 15, 2021. Said letter included within it, the November 12, 2021 letter from Spectrum.

22. Sometime in late November, early December 2021, Equifax finally deleted the MRS (Spectrum) account from Plaintiff's credit report. Plaintiff's credit score went above 800 upon the removal of the inaccurate collection's account.

23. Throughout the ordeal, Plaintiff had been communicating and directly disputing with Spectrum while also disputing the fraudulent accounts with the Equifax and with MRS. Every time he provided his information to Spectrum, Spectrum was only able to find his actual account. Spectrum did not find the inaccurate report because it had a different middle name, date of birth, social security number and address.

24. To date, Equifax has not responded to Plaintiff's most recent dispute in any meaningful way.

25. The MRS account was the result of negligent or willful mishandling by Equifax and a failure to properly investigate all the facts which the Plaintiff explained in the dispute letters.

26. Equifax failed to independently conduct any investigation. Upon information and belief, Equifax notified MRS of Plaintiff's dispute of the account but clearly failed to do any independent investigation.

27. Equifax failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error. Plaintiff has previously disputed this fraudulent account.

28. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

　　　i. Monies lost by attempting to fix his credit;

　　　ii. Loss of time attempting to cure the error;

　　　iii. Mental anguish, stress, aggravation, embarrassment and other related impairments to the enjoyment of life.

　　　iv. Loss of time and he was forced to delay the refinancing of his home due to Defendant's incorrect reporting.  Plaintiff spent numerous hours communicating with both Defendant attempting to resolve the inaccurate account.  By the time Equifax fixed its mistake, interest rates have significantly gone up.

29. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA - As to Defendant, Equifax Information Services, Inc.)

30. The Plaintiff re-alleges and incorporates paragraphs one (1) through twenty nine (29) as if fully set out herein.

31. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Despite Plaintiff providing several disputes, Equifax

7

refused to do any independent investigation.

32. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and Plaintiff was unable to secure the very low interest rates available during the time he was disputing.

33. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o. Equifax failed to properly conduct any independent investigation regarding the erroneous reporting. Equifax failed to attempt to communicate or do a simple research of the evidence presented by Plaintiff.

34. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## (Violation of the FCRA - As to Defendant, Equifax Information Services, Inc.)

35. Plaintiff re-alleges and incorporates paragraphs one (1) through twenty nine (29) above as if fully set out herein.

36. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful re-investigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable. Equifax verified a fraudulent account to Plaintiff at least seven (7) times, without conducting any independent investigation. Equifax simply sent an ACDV to MRS and parroted back the incorrect verification of the fraudulent account. MRS internal accounts will show that the account only shared a first and last name. Middle name, date of birth, social security and address were ALL different.

37. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of having a collection account on his credit report.

38. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to

be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

39. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, INC., jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

**DATED** this 28th day of March 2022.

*Respectfully submitted,*

*/s/Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Florida Bar #: 0338620
Georgia Bar#: 617963
Pennsylvania Bar#: 325066
The Consumer Lawyers PLLC,
3210 W. Cypress St
Tampa, Florida 33609
Telephone: (844) 855-9000
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Email: Tav@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Attorney for Plaintiff*